# Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re UPMC Subpoena | Civil Action No. |

**DECLARATION OF PARENTS B.B. 1 AND B.B. 2**

1. We are the parents of Child B.B., a minor who received gender-affirming care at a Pennsylvania location of the University of Pittsburgh Medical Center (UPMC) between January 1, 2020 and the present date.

2. During the course of our child's care at UPMC, our child and we, along with others in our family, visited with UPMC providers no less than twenty times and met with no less than six medical professionals. We additionally communicated with UPMC by telephone and other forms of communication, including the UPMC online portal.

3. Throughout those visits and communications, our child and we disclosed private information about our child's mental health, gender identity, sexual health, and fertility; information about their relationships in school, parents' occupation, and neighborhood; names of families and friends; and more. All of these disclosures related to the diagnosis, treatment recommendations, and treatment plan for our child.

4. During the course of our child's care at UPMC, both our child and we participated in a mental health assessment conducted by a licensed mental health provider.

5. During the course of our child's care at UPMC, both our child and we discussed a recommended treatment with a physician.

6. During the course of our child's care, we discussed any concerns about the recommended treatment privately with a UPMC medical provider.

7. During the course of our child's care, and for a period of time between January 1, 2020 and the present, our child received puberty blockers, as recommended by their healthcare providers at UPMC.

8. Disclosure of our child's medical records to the government would cause our child severe emotional distress and expose our child to the possibility of bullying and harassment, discrimination, and violence.

9. Disclosure of our names, which would necessarily identify our child, or the disclosure of the name of our child, in the context of a legal action to prevent disclosure of medical records pertaining to gender-affirming care, would cause our child severe emotional distress and expose our child to the possibility of bullying and harassment, discrimination, and violence.

10. Neither our child nor we have made our child's gender identity known to the Department of Justice (the "DOJ").

11. Our privacy would not be protected by redacting our names. During the course of our child's care, we disclosed innumerable sensitive, identifiable facts to UPMC medical providers. This includes information about our child's relationships in school, parents' occupation, neighborhood, family and friends, and more.

12. Even if it were possible to completely remove all identifying facts from the records, our privacy would not be protected because during the course of our child's care we disclosed deeply sensitive, intimate, and private facts about our lives including about mental health, gender identity, sexual health, and fertility.

13. We sought medical care with the understanding that the sensitive, private information we disclosed would remain between our family and our child's healthcare providers.

14. Our right to privacy and our child's right to privacy would be violated by the release of their medical records to the government.

15. With the exception of a small group of trusted members of our community, we have not disclosed, nor will we disclose, our involvement or our child's involvement in this litigation.

16. If we are not permitted to proceed under pseudonym, we will likely have to withdraw this motion and abandon litigation for the safety of our child and our family.

17. For all the reasons above, we do not want our child's medical records shared with the DOJ.

18. We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____   Dated: SEPT 21, 2025
Parent B.B. 1

_____   Dated: SEPT 21, 2025
Parent B.B. 2