# Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re UPMC Subpoena | Civil Action No. |

**JOINT DECLARATION OF PARENT D.D. AND CHILD D.D.**

1. We are Child D.D., an individual who, as a minor, received gender-affirming care at a Pennsylvania location of the University of Pittsburgh Medical Center (UPMC) between January 1, 2020 and the present date, and Parent D.D., the parent of Child D.D.

2. During the course of Child D.D.'s care at UPMC, we, along with others in our family, visited with UPMC providers no less than fourteen times and met with no less than three medical professionals. We additionally communicated with UPMC by telephone and other forms of communication including the UPMC online portal.

3. Through those visits and communications, Child D.D. and the parent of Child D.D. disclosed private information about their mental health, gender identity, sexual health, fertility, relationships in school, neighborhood, families and friends, and more, all of which related to the diagnosis, treatment recommendations, and treatment plan for Child D.D.

4. During the course of Child D.D.'s care at UPMC, we both participated in a mental health assessment conducted by a licensed mental health provider.

5. During the course of Child D.D.'s care at UPMC, we both discussed a recommended treatment with a physician.

6. During the course of Child D.D.'s care, we discussed any concerns about the recommended treatment privately with a UPMC medical provider.

7. During the course of Child D.D.'s care, and for a period of time between January 1, 2020 and the present, Child D.D. received puberty blockers and hormone therapy as recommended by their healthcare providers at UPMC.

8. Disclosure of Child D.D.'s medical records to the government would cause Child D.D. severe emotional distress and expose child D.D. to the possibility of bullying and harassment, discrimination, and violence.

9. Disclosure of Parent D.D.'s name, which would necessarily identify Child D.D., or the disclosure of Child D.D.'s name, in the context of a legal action to prevent disclosure of medical records pertaining to gender affirming care, would cause Child D.D. severe emotional distress and expose Child D.D. to the possibility of bullying and harassment, discrimination, and violence.

10. We have not made Child D.D.'s gender identity known to the Department of Justice (the "DOJ").

11. Our privacy would not be protected by redacting our names. During the course of Child D.D.'s care, we disclosed innumerable sensitive, identifiable facts to UPMC medical providers. This includes information about their relationships in school, parents' occupations, neighborhood, family and friends, and more.

12. Even if it were possible to completely remove all identifying facts from the records, our privacy would not be protected because during the course of Child D.D.'s care we disclosed deeply sensitive, intimate, and private facts about our lives including about mental health, gender identity, sexual health, and fertility.

13. We sought medical care with the understanding that the sensitive, private information we disclosed would remain between our family and Child D.D.'s healthcare providers.

14. Our rights to privacy would be violated by the release of their medical records to the government.

15. With the exception of a small group of trusted members of my community, we have not disclosed, nor will we disclose, our involvement in this litigation.

16. If we are not permitted to proceed under pseudonym, we will likely have to withdraw this motion and abandon litigation for our safety.

17. For all the reasons above, we do not want Child D.D.'s medical records shared with the DOJ.

18. We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____     Dated: 9/22/25
Parent D.D.

_____     Dated: 9-22-25
Child D.D.