UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re 2025 UPMC Subpoena | Civil Action No. 2:25-mc-01069-CB |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Movants notify the Court that on November 21, 2025, the United States District Court for the Eastern District of Pennsylvania quashed requests for patient and health information in a presumptively identical subpoena issued to Children's Hospital of Philadelphia. *In Re: Subpoena No. 25-1431-014*, No. 2:25-mc-00039-MAK, slip. op. (E.D. Pa. Nov. 21, 2025), Dkt. No. 43.

The Court quashed requests 11-13 of the subpoena for two independent reasons:

> We strike the three requests for these child-identifying and treatment and disclosure records as beyond the authority granted by Congress. We also find, even if this private information could be relevant, the heightened privacy interests of children and their families substantially outweighs the Department's need to know the children's names, addresses, and treatment along with disclosures for gender-affirming care at The Children's Hospital of Philadelphia.

*Id.* at 1.

Specifically, the Court held that "[t]he Department of Justice lacks statutory authority for a rambling exploration of the Hospital's files to learn the names and medical treatment of children," *id.* at 20, such that "[e]nforcing these requests would transform Congress's 1996 grant of authority in Section 3486 from a tool of legitimate inquiry into a license for intrusion Congress never granted," *id.* at 16. The Court found that DOJ's "wayward reasoning . . . . is not credible," and that DOJ's declaration from Lisa K. Hsiao "blurs . . . fundamental distinctions" and "defies both law and logic." *Id.* at 22, 24-25. The Court held that the requested "children's

1

records concern lawful medical practice governed by Pennsylvania law, not potential Section 331 violations involving a health care benefit program." *Id.* at 19.

Next, the Court held that the required balancing factors from *United States v. Westinghouse Electric Corporation.*, 638 F.2d 570 (3d Cir. 1980), provide a second, independent reason to quash. The Court first described and rejected the suggestion that *Westinghouse* was not good law as "not a legal argument," but rather "an invitation to ignore precedent." Slip op. at 35. Instead, applying the *Westinghouse* factors, the Court found that "[t]he records sought here fall at the highest end of the intimate and personal spectrum." *Id.* at 38. And it held that the potential risk to patients for disclosure is grave:

> This is not a distant privacy concern. It is a plan to intrude on the most private sphere of vulnerable children and their families and to investigate them. The harm is grave, foreseeable, and—by the Department of Justice's own admission—imminent in an area of medical care the President and Attorney General claim are 'a stain on our Nation's history' and 'a warped ideology.'

*Id.* at 42. In sum, the Court found that the required balancing "overwhelmingly weigh in favor of protecting the privacy interests of the Hospital's child patients." *Id.* at 11.

For both reasons, the Court quashed subpoena requests 11-13, and protected any similar information to the extent it existed in other requests. *Id.* at 54. Finally, having quashed the relevant parts of the subpoena, the Court dismissed a related motion to quash brought by patients and their families as moot. *In Re: Admin. Subpoena No. 25-1431-014*, No. 2:25-mc-00054-MAK, ECF No.  (E.D. Pa. Nov. 21, 2025), Dkt. No. 20.

A copy of the decision and the respective orders are attached as Exhibit A-C.

Dated: November 24, 2025                                 Respectfully Submitted,

   /s/ Daniel Urevick-Ackelsberg

| | |
|---|---|
| Jill E. Steinberg* (PA 82127) | Mary M. McKenzie* (PA 47434) |
| J. Chesley Burruss* (PA 331521) | Daniel Urevick-Ackelsberg* (PA 307758) |
| Kevin M. Hayne* (NY 5967526) | Meghan Binford* (PA 321212) |
| Elizabeth A. Lilly* (PA 336185) | Olivia Mania* (PA 336161) |
| BALLARD SPAHR LLP | PUBLIC INTEREST LAW CENTER |
| 1735 Market Street, 51st Floor | 2 Penn Center |
| Philadelphia, PA 19103 | 1500 JFK Blvd., Suite 802 |
| steinbergj@ballardspahr.com | Philadelphia, PA 19102 |
| burrussc@ballardspahr.com | 267-546-1316 |
| haynek@ballardspahr.com | mmckenzie@pubintlaw.org |
| lillye@ballarspahr.com | dackelsberg@pubintlaw.org |
| | mbinford@pubintlaw.org |
| Colin J. Callahan (PA 328033) | omania@pubintlaw.org |
| FLANNERY GEORGALIS | |
| 436 Seventh Avenue | |
| Koppers Building, Ste. 2100 | |
| Pittsburgh, PA 15219 | |
| 412-213-4246 | |
| ccallahan@flannerygeorgalis.com | |
| | *Counsel for Movants* |
| | *Pro hace vice* |

**CERTIFICATE OF SERVICE**

    I, Daniel Urevick-Ackelsberg, hereby certify that on the 24th of November, 2025, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system by the Court and all parties.

    /s/ *Daniel Urevick-Ackelsberg*
    Daniel Urevick-Ackelsberg