UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

In Re 2025 UPMC Subpoena

Civil Action No. 2:25-mc-01069-CB

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Movants notify the Court that on December 11, 2025, the United States District Court for the Western District of Washington unsealed a memorandum and order from September 3, 2025, which set aside a presumptively identical subpoena issued by the Department of Justice ("DOJ") to Seattle Children's Hospital that requested patient and health information. *In Re Subpoena Duces Tecum No. 25-1431-016*, No. 2:25-mc-00041-JHC, slip op. (W.D. Wash. Sept. 3, 2025). The Court noted that there was "strong evidence suggesting that the subpoena was issued for an improper purpose" and that "private interests must prevail in [the] case." *Id.* at 24.

In analyzing whether the subpoena was issued for an improper purpose the Court stated that to prove that a subpoena should not be enforced, "the recipient of the subpoena [must] show (i) that [the prima facie] requirements [of a subpoena] are not met; or (ii) that enforcement of the subpoena would be an abuse of the court's procesdojs." *Id.* at 16 (citing *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)). These options, the Court explained, are "part of a broader 'good-faith exercise'" which requires that the subpoena be issued for a proper purpose. *Id.*

An "improper purpose," the Court determined, could mean either "that the subpoena is not issued to further an investigation within the authority conferred by Congress" or "that the subpoena is issued not only to further an investigation within the agency's authority but also for a different, suspect purpose." *Id.* at 17. The Court found that "Seattle Children's present[ed] significant

1

evidence that the DOJ issued the subpoena to pressure hospitals into ending gender-related care for minors" and that ending gender-related care for minors was not a lawful purpose for issuing the subpoena. *Id.* at 21–22. The Court therefore granted Seattle Children's Hospital's motion to set aside the subpoena.[1]

A copy of the decision is attached as Exhibit A.

Dated: December 16, 2025

J. Chesley Burruss* (PA 331521)
Kevin M. Hayne* (NY 5967526)
Elizabeth A. Lilly* (PA 336185)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
steinbergj@ballardspahr.com
burrussc@ballardspahr.com
haynek@ballardspahr.com
lillye@ballarspahr.com

Colin J. Callahan (PA 328033)
FLANNERY GEORGALIS
436 Seventh Avenue
Koppers Building, Ste. 2100
Pittsburgh, PA 15219
412-213-4246
ccallahan@flannerygeorgalis.com

Respectfully Submitted,

  */s/ Daniel Urevick-Ackelsberg*
Mary M. McKenzie* (PA 47434)
Daniel Urevick-Ackelsberg* (PA 307758)
Meghan Binford* (PA 321212)
Olivia Mania* (PA 336161)
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1316
mmckenzie@pubintlaw.org
dackelsberg@pubintlaw.org
mbinford@pubintlaw.org
omania@pubintlaw.org

*Counsel for Movants*
*Pro hace vice

---

[1] The Court also found DOJ had not met even its minimum prima facie requirements for issuance of the subpoena and held it to be an independent reason to quash. *Id.* at 15, 23. However at least one document relied upon by the Court for that determination, along with the briefing of the parties on that point, remains under seal.

2

**CERTIFICATE OF SERVICE**

I, Daniel Urevick-Ackelsberg, hereby certify that on the 16th of December 2025, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system by the Court and all parties.

> */s/ Daniel Urevick-Ackelsberg*
> Daniel Urevick-Ackelsberg