UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

In Re 2025 UPMC Subpoena

Civil Action No. 2:25-mc-01069-CB

**RESPONSE TO SUPPLEMENTAL AUTHORITY**

The Department of Justice (DOJ) offers supplemental authority that the Trump Administration itself created: a declaration from Department of Health and Human Services (HHS) Secretary Robert F. Kennedy Jr. that purportedly determines that gender-affirming care is "outside the professional practice of medicine," therefore making hospitals who provide that care ineligible for Medicare and Medicaid funding. Dkt No. 49 at 2. According to DOJ, this unilateral posting on the HHS website "refutes" Movants' arguments that the subpoena at issue here is a thinly-veiled attempt to end legitimate and lawful medical care. *Id.* To the contrary, the HHS post affirms Movants' arguments.

Putting aside the actual procedures for HHS to determine Medicaid-eligibility,[1] cabinet secretaries do not determine by fiat whether doctors are operating "outside the professional practice of medicine." Dkt. No. 49 at 2. Rather, "[t]he Framers reserved the police power, and with it the authority to set standards of medical care, to the states such as Pennsylvania." *In re Subpoena No. 25-1431-014*, No. MC 25-39, 2025 WL 3252648, at *2 (E.D. Pa. Nov. 21, 2025); *see also Gonzales v. Oregon*, 546 U.S. 243, 270 (2006) ("Federalism . . . allow[s] the States great latitude under their police powers to legislate as to the protection of the lives, limbs, health, comfort, and

---

[1] Governor Shapiro, the District of Columbia, and 18 states have already filed suit to enjoin the Kennedy declaration because it exceeds the Secretary's authority, violates the Administrative Procedure Act, and violates the Medicare and Medicaid statutes. *See Oregon v. Kennedy*, No. 6:25-cv-02409 (D. Or. 2025).

1

quiet of all persons.") (internal quotation marks and citations omitted).

"The licensing and regulation of physicians is a state function." *Pa. Med. Soc'y v. Marconis*, 942 F.2d 842, 847 (3d Cir. 1991). This means that DOJ cannot use its subpoena power to "broadly make inquiry into the provision of [gender-affirming care] generally—any such inquiry must be limited to the healthcare fraud that is authorized by the statute: fraudulent billing codes and unlawful off-label promotion." *In re Admin. Subpoena No. 25-1431-019*, No. 1:25-MC-91324-MJJ, 2025 WL 2607784, at *6 (D. Mass. Sept. 9, 2025).[2] Yet, as Courts across the nation have found, DOJ is using government power to advance its policy agenda, not legitimately investigate healthcare fraud. *Id.*

DOJ's supplemental authority only confirms that overreach. The purpose of the Kennedy declaration is "to carry out President Trump's Executive Order" to end gender-affirming care. *HHS Acts to Bar Hospitals from Performing Sex-Rejecting Procedures on Children*, U.S. Dep't Health & Hum. Servs. (Dec. 18, 2025), https://www.hhs.gov/press-room/hhs-acts-bar-hospitals-performing-sex-rejecting-procedures-children.html. If that Executive Order sounds familiar, it should: it is the same order that led DOJ to issue this subpoena. *See* Movs.' Mem. of Law, Dkt. No. 2 at 4.

In other words, DOJ's submission is no refutation. It is an admission that, like the Kennedy declaration, the subpoena is part of a coordinated effort to end legal medical care. It should be quashed.

---

[2] *Accord In re Subpoena No. 25-1431-014*, 2025 WL 3252648, at *15 ("Those children's records concern lawful medical practice governed by Pennsylvania law, not potential Section 331 violations involving a health care benefit program."); *QueerDoc, PLLC v. U.S. Dep't of Just.*, No. 2:25-MC-00042-JNW, 2025 WL 3013568, at *7 (W.D. Wash. Oct. 27, 2025) ("DOJ's subpoena to QueerDoc was issued for a purpose other than to investigate potential violations of the FDCA or FCA."); *In Re Subpoena Duces Tecum No. 25-1431-016*, No. 2:25-MC-00041-JHC, 2025 WL 3562151, at *13 (W.D. Wash. Sept. 3, 2025) ("Seattle Children's has shown that the subpoena cannot be enforced because it was not issued to investigate a federal healthcare offense.')

Dated: December 24, 2025

J. Chesley Burruss* (PA 331521)
Kevin M. Hayne* (NY 5967526)
Elizabeth A. Lilly* (PA 336185)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
steinbergj@ballardspahr.com
burrussc@ballardspahr.com
haynek@ballardspahr.com
lillye@ballarspahr.com

Colin J. Callahan (PA 328033)
FLANNERY GEORGALIS
436 Seventh Avenue
Koppers Building, Ste. 2100
Pittsburgh, PA 15219
412-213-4246
ccallahan@flannerygeorgalis.com

Respectfully Submitted,

 /s/ Daniel Urevick-Ackelsberg
Mary M. McKenzie* (PA 47434)
Daniel Urevick-Ackelsberg* (PA 307758)
Meghan Binford* (PA 321212)
Olivia Mania* (PA 336161)
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1316
mmckenzie@pubintlaw.org
dackelsberg@pubintlaw.org
mbinford@pubintlaw.org
omania@pubintlaw.org




*Counsel for Movants*
*Pro hace vice*

**CERTIFICATE OF SERVICE**

I, Daniel Urevick-Ackelsberg, hereby certify that on the 24th of December 2025, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system by the Court and all parties.

*/s/ Daniel Urevick-Ackelsberg*
Daniel Urevick-Ackelsberg
