# Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

In Re 2025 UPMC Subpoena

Civil Action No. 2:25-mc-01069-CB

## PATIENTS' REPLY RELATING TO THIS COURT'S DECEMBER 24TH ORDER

In its Supplemental Brief the Department of Justice reraises an argument unrelated to the limited leave it was granted, arguing that this Court is powerless to protect "hundreds or thousands of other patients" that are subject to its subpoena abuses.[1] In DOJ's view, when a healthcare provider, under enormous pressure from the government, declines to attempt to quash a subpoena, each of that provider's minor patients are left to file individual challenges to protect their rights.[2]

DOJ has it wrong. By statute and rule, healthcare subpoenas are governed by general standards for subpoena enforcement. 18 U.S.C. § 3486(a)(7) ("A summons issued under this section shall not require the production of anything that would be protected from production under the standards applicable to a subpoena duces tecum issued by a court of the United States."); Fed. R. Civ. P. 81(a)(5) ("These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings."); *In re Subpoena No. 25-1431-014*, No. MC 25-39, 2025 WL 3252648, at *20 (E.D. Pa. Nov. 21, 2025)

---

[1] Dkt. No. 58 at 9. Moreover, much of the DOJ's Supplemental Brief takes issue with the Court's December 24, 2025 Order, Dkt. No. 52, granting Patients' Motion. *See, e.g.*, Dkt. No. 58 at 3–7 (arguing against Patients' standing); *id.* at 9–13 (arguing for an alternative application of the *Westinghouse* factors). To the extent the DOJ desires to challenge the Court's prior rulings, it must do so through a motion for reconsideration. *See Mansaray v. Kirtland*, No. 1:25-cv-00102-SPB, 2025 WL 2371865, at *2 (W.D. Pa. Aug. 14, 2025) (describing the process and standard for reconsideration in this district).
[2] This says nothing of the specter of a healthcare provider fulfilling a subpoena for records that a court has already found to violate the rights of its young patients.

("Congress in Section 3486(a)(7) confirms the Subpoena cannot compel the production of materials protected under standards governing federal court subpoenas.").

Those standards are well-trodden: "Courts may consider the interests of the recipient of the subpoena, as well as others who might be affected. The text of Rule 45 makes that clear, encompassing burdens on any 'person,' not just the recipient of the subpoena." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 190 (4th Cir. 2019) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)). Accordingly, courts may exercise their inherent power to protect third parties by entering a protective order or quashing a subpoena *sua sponte*, even when finding those third parties do not have standing. *See, e.g.*, *Griggs v. Vanguard Grp., Inc.,* No. CIV-17-1187-SLP, 2019 WL 3058982, at *1 (W.D. Okla. May 7, 2019) ("The Court need not wade into the brambles to determine which objections Plaintiff has standing to assert . . . . The Court can (and, here, does) issue a protective order to guard the attorney nonparties from unnecessarily burdensome discovery regardless of whether Plaintiff, herself, has standing."); *Charvat v. Travel Servs.*, No. 12 CV 5746, 2015 WL 76901, at *1 (N.D. Ill. Jan. 5, 2015) (finding lack of standing and then *sua sponte* quashing subpoena to protect non-party); *Aslani v. Sparrow Health Sys.*, No. 1:08-cv-298, 2010 WL 623673, at *5 (W.D. Mich. Feb. 18, 2010) ("[T]he court has the inherent authority on its own initiative to prevent abusive or inappropriate discovery practices."); *Williams v. Moody*, No. CIV.A.98-1211, 1999 WL 320914, at *1 n.1 (E.D. Pa. May 18, 1999) ("[T]his court could quash the subpoenas *sua sponte*."); *but see In Re 2025 Subpoena to Child.'s Nat'l Hosp.*, No. 1:25-cv-03780-JRR, slip op. at 16 (D. Md. Jan. 21, 2026) (limiting relief to movants without discussing alternative procedures). Moreover, courts may devise specific remedies that require notice to non-parties and a process for them to object. *See United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 581–82 (3d Cir. 1980) (requiring notice and objection period for third parties).

In sum, having offered a concession that is an illusion and citing cases that make it plain that an intrusion remains even if anonymization were possible (which it is not),[3] DOJ's last-ditch attempt to severely cabin the relief this Court ordered should be rejected. This Court can do exactly as it did: protect vulnerable children from an abusive subpoena.[4]

Dated: January 22, 2026                          Respectfully submitted,

BALLARD SPAHR LLP                          */s/ Olivia Mania*
                                           Mary M. McKenzie* (PA 47434)
Michael P. Robotti* (NY 4718532)           Daniel Urevick-Ackelsberg* (PA 307758)
1675 Broadway, 19th Floor                  Meghan Binford* (PA 321212)
New York, NY 10019                         Olivia Mania* (PA 336161)
212-223-0200                               THE PUBLIC INTEREST LAW CENTER
robottim@ballardspahr.com                  1617 John F. Kennedy Blvd., Suite 1650
                                           Philadelphia, PA 19103
J. Chesley Burruss* (PA 331521)            267-546-1316
Kevin M. Hayne* (NY 5967526)               mmckenzie@pubintlaw.org
Elizabeth A. Lilly* (PA 336185)            dackelsberg@pubintlaw.org
1735 Market Street, 51st Floor             mbinford@pubintlaw.org
Philadelphia, PA 19103                     omania@pubintlaw.org
burrussc@ballardspahr.com
haynek@ballardspahr.com
lillye@ballarspahr.com

FLANNERY GEORGALIS

                                           *Counsel for Patients*
Colin J. Callahan (PA 328033)              *\*Pro hac vice*
436 Seventh Avenue
Koppers Building, Ste. 2100
Pittsburgh, PA 15219
412-213-4246
ccallahan@flannerygeorgalis.com

---

[3] Dkt. No. 59 at 8–12; s*ee also, e.g.*, *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 181 (3d Cir. 2005) (holding that even where records are truly anonymized, aggregated, and destroyed, some measure of privacy expectation remains).

[4] Patients' counsel represents to the Court that at least thirty-six (36) other families have expressed an interest to this counsel alone in pursuing an action to quash this subpoena. To the extent the Court holds—which it need not—that it can only broadly quash the offending requests where an entire class is represented, Patients request leave to conduct expedited class discovery and to file a class certification motion. *See* Fed. R. Civ. P. 81(5) (incorporating the Federal Rules of Civil Procedure, and thus Rule 23, in actions regarding a subpoena issued by the United States).