UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: 2025 UPMC SUBPOENA | MISCELLANEOUS ACTION<br><br>Case No. 2:25-mc-1069-CB |

**GOVERNMENT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE**

The United States opposes the plaintiffs' request to file what they have styled as a reply brief to the cross-briefing the parties filed last Friday. The plaintiffs' stated justification for another bite at the apple is that the Government exceeded the Court's order allowing supplemental briefing, but that is incorrect. The Court allowed "cross-briefing on the matter of potential anonymized productions, as envisioned in the government's Motion (Doc. 47) to supplement," which the Court granted in full. Specifically, the Government's Motion to supplement stated that "the Government's narrowing of the subpoena [to accept de-identified information] … changes the legal landscape such that the Court should permit supplemental briefing on the topic."

Plaintiffs now complain that two paragraphs in the Government's supplemental briefing "raised an argument unrelated to the leave it sought and was granted." This is incorrect. The offending paragraphs simply explain how production of de-identified information—in which there is no privacy right—further underscores the Government's prior position regarding standing. That is, the Government has previously asserted that Plaintiffs lack standing to assert the rights of nonparties' privacy interests in identifiable information. Now, the point is underscored because Plaintiffs could not possibly have standing to represent nonparties whose privacy interests are extinguished through deidentification. *See* Dkt. 58 at 8 ("[T]he agreement,

which as discussed above, extinguishes any potential patient privacy rights, **further cements what was already clear**: these four anonymous plaintiffs—to the extent they do have standing to do anything at all—do not have standing to prevent UPMC from disclosing other patients' de-identified records.") (emphasis added). This is exactly the change of legal landscape the Government previewed in its motion for supplemental briefing, and which the Court granted.

All the Government's arguments in its supplemental brief relate to the intersections of the Plaintiffs' entitlement to relief, the scope of that relief, and the issue of de-identified data. The Government did not exceed the leave that the Court granted and, if it did, it certainly did not intend to do so.

The Government believes all the issues have been presented adequately to the Court and additional briefing is not warranted. However, the Government respectfully requests that, if the Court is inclined to grant the instant motion, the Court permit the Government 14 days to reply to what is really an opposition brief to the Government's supplemental brief. Plaintiffs' brief raises many issues that would necessitate a thorough response were it permitted to be filed. For example, Plaintiffs ask for class certification briefing (in a footnote) and also suggest that Civil Rule 45 applies in full to Title 18 administrative subpoenas seeking documents related to criminal offenses. The Government should be entitled to respond to those arguments in more than a cursory fashion.

Dated this 22nd day of January, 2026.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

-3-

        LISA K. HSIAO
        Acting Director

        */s/ Ross S. Goldstein*
        ROSS S. GOLDSTEIN
        PATRICK R. RUNKLE
        Assistant Directors

        SCOTT B. DAHLQUIST
        Trial Attorney

        United States Department of Justice
        Enforcement and Affirmative Litigation Branch
        P.O. Box 386
        Washington, DC 20044
        Tel:    202-353-4218
        Fax:   202-514-8742
        Ross.Goldstein@usdoj.gov

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, I served the foregoing opposition brief via ECF to counsel of record.

Dated this 22nd day of January 2026.

>  /s/ Ross S. Goldstein
> ROSS S. GOLDSTEIN