UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: 2025 UPMC SUBPOENA

MISCELLANEOUS ACTION

Case No. 2:25-mc-1069-CB

## GOVERNMENT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

### INTRODUCTION

The United States respectfully files this response in opposition to Plaintiffs' "Notice of Supplemental Authority" filed on February 10, 2026 (Dkt. 63). The purported filing is neither a notice nor a citation to supplemental authority. Instead, it offers only a new, misleading argument premised on an irrelevant settlement agreement between the Government and an entity in California entered into on account of facts not present here. The court should not consider this purported new "authority."

### ARGUMENT

The Court should not consider Plaintiffs' "Notice of Supplemental Authority" for the fundamental reasons that it is not a notice, *United Broadcasting Corp. v. Miami Tele-Communications*, 140 F.R.D. 12, 13 (S.D. Fla. 1991) (holding that a notice of supplemental authority raising an argument is in fact an attempt at a sur-response), and that it presents no supplemental authority, *cf.* M.D. Penn. L.R. 7.36 ("If *pertinent and significant cases are decided or authorities are enacted*, relating to an issue raised in a motion pending before the court, after the party's final brief has been filed—or after oral argument but before decision—the party may file a notice of supplemental authority setting forth the supplemental citations.") (emphasis

added); *Authority*, Black's Law Dictionary (12th ed. 2024) (defining "authority" as "[a] legal writing taken as definitive or decisive; esp., a judicial or administrative decision cited as a precedent … The term includes not only the decisions of tribunals but also statutes, ordinances, and administrative rulings" or "[a] source, such as a statute, case, or treatise, cited in support of a legal argument."). Plaintiffs cite no new court decision, statute, change in administrative law or in the legal landscape in any way; instead, they only argue for the consideration of a voluntary settlement agreement in a different matter. But Plaintiffs' new argument is not a notice and the settlement agreement is not authority. *Id*.

Even if the settlement agreement could be new authority, the Court should not consider it because it is irrelevant to the issues currently before the Court. Putting aside the obvious admissibility issues, Fed. R. Evid. 403, 408, and the public policy implications of the Plaintiffs in this case arguing that a settlement agreement in a different case should somehow entitle them to what they erroneously believe to be the same relief, *Hughes v. InMotion Entm't*, No. 07-cv-1299, 2008 U.S. Dist. LEXIS 63369, at *14 (W.D. Pa. Aug. 18, 2008) (collecting cases and discussing the Third Circuit's "strong public policy favoring settlements of disputes, the finality of judgments and the termination of litigation"), the Plaintiffs' characterizations of the settlement agreement are misleading and do not accurately represent what happened or why.

In a matter in the Central District of California, the United States withdrew subpoena requests 11-13 from a similar subpoena to L.A. Children's Hospital ("CHLA") that similarly sought patient records like those at issue here. However, the withdrawal of requests 11-13 was based on CHLA's representations that it was "not the appropriate party to produce" the information pursuant to those requests—*i.e.*, the subpoenaed entity did not possess patient records—which is reflected in public documents containing communications between the

Government and CHLA. Dkt. 63 at 39.  By contrast, here, there is no dispute of which the Government is aware—and Plaintiffs certainly have not pointed to one—as to whether UPMC possesses or controls the patient records called for in requests 11-13 in the subpoena at issue in this matter.

The settlement agreement of another case under different circumstances is simply not "authority" tending to show anything—and certainly not what the Plaintiffs claim in their Notice. As the Government has previously stated, the Government has attempted to address the privacy concerns that the Plaintiffs raised by stating that it would accept fully de-identified patient records from UPMC in full satisfaction of the subpoena at issue.  The Government stands by that concession.

## CONCLUSION

Plaintiffs' Notice of Supplemental Authority does not cite any reported case or order, or other source of law.  Plaintiffs' arguments and characterizations in their Notice are wrong and misleading. Accordingly, the Court should not consider them.

Dated this 13th day of February, 2026

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

BRETT SHUMATE
Assistant Attorney General
JORDAN C. CAMPBELL
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director

    */s/ Patrick R. Runkle*
ROSS S. GOLDSTEIN
PATRICK R. RUNKLE
Assistant Directors
SCOTT B. DAHLQUIST
Trial Attorney

United States Department of Justice
Enforcement and Affirmative Litigation Branch
P.O. Box 386
Washington, DC 20044
Tel:     202-532-4723
Fax:    202-514-8742
patrick.r.runkle@usdoj.gov

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I served the foregoing Response in Opposition via ECF to counsel of record.

Dated this 13th day of February 2026.

                                               */s/ Patrick Runkle*
                                               PATRICK RUNKLE