IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re:* 2025 UPMC Subpoena ) | |
| ) | 2:25-mc-01069-CB |
| ) | |
| ) | Chief Judge Cathy Bissoon |
| ) | |

**ORDER**

On February 20, 2026, the government filed a Notice of Appeal. Doc. 65. If the Court's December 24th Order was a "final decision," as governed by 28 U.S.C. § 1291, the Notice was filed roughly in line with the government's deadline. Fed. R. App. P. 4(a)(1)(B).[1] The December 24th Order, however, was not a "final decision."

> [A] final decision [is] one [that] disposes of the whole subject, gives all the relief that was contemplated, provides reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree. . . . [This] will have two effects. First, the decision will fully resolve all claims presented to the district court. Second, after the decision has been issued, *there will be nothing further for the district court to do*.

Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 125 (3d Cir. 2004) (emphasis added; all parentheticals cleaned up, and citations omitted, here and hereafter).

Although the Court granted Plaintiffs' Motion to Quash (Doc. 1), it also granted the government's Motion (Doc. 47) to supplement the record regarding a potential anonymized production. Doc. 52 at 6. The Court was willing to hear the government out, given that the

---

[1] Sixty days from December 24, 2025 is February 22, 2026, a Sunday, which would result in a deadline of Monday, February 23rd. Fed. R. App. P. 26(a)(1). The government filed its Notice of Appeal the Friday-prior.

reasoning in Westinghouse arguably begged the question:  could such a production adequately respect the employee-patients' privacy interests while also allowing the government's good faith investigative efforts (ones that aligned with the employees' health and welfare interests)?  *Id.* at 5.

The government filed its Notice of Appeal before the Court ruled on anonymization.  It is strange for the government to take the position that the December 24th Order was "final"— its request was the only one on the table.  Perhaps counsel thought it better to err on the side of caution.  Fortunately, it is not too late for this Court to rule.

A premature notice of appeal does not divest the District Court of jurisdiction.  Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994).  Not only *may* this Court adjudicate the matter, it *should*.  *Id.* ("district courts should continue to exercise their jurisdiction when faced with clearly premature notices"); *accord* Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988) (divestiture of jurisdiction is a prudential doctrine, which "should not be applied when [doing] so would defeat its purpose of achieving judicial economy").  Resolving the government's request presently will eliminate confusion, and serve the interests of efficiency and judicial economy.  Pensiero at 97.  It would be error for the Court to stay its hand.

For the many reasons articulated in Plaintiffs' brief (Doc. 59), and the amicus brief filed by Governor Shapiro and the many States (Doc. 55-1), the DOJ's proposal for anonymized production is rejected.  The patients have persuaded the Court that true and effective anonymization cannot be achieved.  To the extent the DOJ has urged trust, moreover, it must understand why its assurances are cold comfort.  *Cf.* Doc. 27 at 20 ("The United States routinely handles sensitive and confidential information as part of criminal investigations, and courts have long trusted the adequacy of those safeguards.").

The Court will not belabor the point.  The DOJ's actions in this area are unprecedented, to say the least.  Reliance on historical norms, standards and, frankly, decency, cannot be seen as given.

More importantly, any inclination to balance the patients' privacy interests against the government's needs over-legitimizes the latter.  Left to its devices, the DOJ would trample states-rights to amass deeply personal information – regarding *minor children* – in service of its crusade to eliminate medical care that, until recently, was in its own eyes legal.  It remains so in the Commonwealth of Pennsylvania.  Righteousness and rhetoric, regardless of how fervent, is no substitute for political- and legislative-process.

The time for muscle-memory genuflection, or benefit of the doubt, is over.  The subpoena exceeds the DOJ's statutory authority. The DOJ would usurp the States' regulation of the medical profession.  Its rhetoric regarding gender-affirming care reflects callous indifference, if not abject cruelty.  There is more than a "whiff" of ill-intent.  Doc. 52 at 3.  Arguably, it is closer to a stench.[2]

The terms of the December 24th Order are reaffirmed, with no anonymized production, and a Rule 58 Judgment will issue.

IT IS SO ORDERED.


March 2, 2026                                              s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          Chief United States District Judge

---

[2] The DOJ has publicly touted its "core purpose" of "defending the Constitution and protecting the God-given rights of *every single American*."  https://www.justice.gov/opa/pr/religious-liberty-commission-hosts-second-hearing-religious-liberty-public-education. (emphasis added). Transgender Americans surely would appreciate its commitment to honoring and protecting theirs.  They have reason to question, however, where in its vision they fit.

cc (via ECF email notification):

All Counsel of Record